IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IAN DANIEL KOCH,

                Plaintiff,

v.

FOND DU LAC COUNTY
SHERIFF'S DEPARTMENT[1] and
JOHN AND JANE DOES,

                Defendants.

OPINION & ORDER

12-cv-749-wmc

---

In this civil action, plaintiff Ian Daniel Koch has been granted leave to proceed against unknown employees of the Fond du Lac County Jail on his claim that they behaved with deliberate indifference toward his serious medical needs in violation of the Eighth Amendment. Defendants have moved to dismiss this action for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391(b). (Dkt. #16.) On a motion to dismiss for improper venue, "the plaintiff has the burden of showing proper venue but all disputed facts are resolved in favor of the party asserting proper venue." *Carnes Co., Inc. v. Stone Creek Mechanical*, No. 02-C-0208-C, 2002 WL 32349391, at *6 (W.D. Wis. June 6, 2002) (citing *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969)).

The venue provision applicable to this case is, as defendants correctly state, 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

---

[1] The Fond du Lac County Sheriff's Department has been served as a nominal defendant in this case solely for the purpose of determining the identities of the John and Jane Doe defendants.

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, all defendants are employees of Fond du Lac County (giving rise to the inference that they reside in Fond du Lac County as well), and all of the events Koch alleges took place in Fond du Lac County. Fond du Lac County is not within the jurisdiction of the Western District of Wisconsin.

Koch does not challenge defendants' observations that the alleged events occurred in the Eastern District of Wisconsin, nor does he argue that at least one of the defendants resides within this district. Rather, he asks this court to retain this case because transfer or dismissal would be an unnecessary expenditure of court resources and would not prejudice defendants. Even presuming this is true, it does not affect the venue analysis. Lack of prejudice does not make venue in this district proper under 28 U.S.C. § 1391(b). Koch has therefore failed to meet his burden to demonstrate that venue is proper here, and defendants are entitled to relief.[2]

The court need not dismiss the case entirely, however. 28 U.S.C. § 1406(a) states that a district court of a district in which is filed a case laying venue in the wrong district shall dismiss the case *or* transfer it to any district in which it could have been brought, if it is in the interest of justice. "Particularly when a plaintiff is proceeding pro se, transfer to a district court in which venue is proper is in the interest of justice." *Faulkner v. Jones*, No. 04-

---

[2] Koch also argues that 28 U.S.C. § 1343 makes venue proper in this court. 28 U.S.C. § 1343 does not deal with venue, however; it simply gives original subject matter jurisdiction to all district courts to hear civil rights cases. This means that district courts in general have the *power* to hear civil rights cases, but it does not mean that venue is correct in all of them.

2

C-408-C, 2004 WL 2634226, at *3 (W.D. Wis. Nov. 17, 2004). As noted above, it is undisputed that all of the events Koch alleges took place at the Fond du Lac County Jail, which makes venue in the Eastern District of Wisconsin appropriate pursuant to 28 U.S.C. § 1391(b)(2). The court will therefore transfer this case to the Eastern District of Wisconsin, where venue is proper.

Koch has also renewed his Motion for the Appointment of Counsel (dkt. #23). The court will deny this motion without prejudice. Koch may raise this motion again in the Eastern District of Wisconsin should he believe that this case presents exceptional circumstances such that it exceeds his capabilities to present it to the court on his own.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss this case for improper venue (dkt. #16) is DENIED and this case is TRANSFERRED to the United States District Court for the Eastern District of Wisconsin.

2. Plaintiff's motion for the appointment of counsel (dkt. #23) is DENIED without prejudice as to its later reconsideration.

Entered this 4 day of April, 2014.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

3